OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NICHOLS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NICHOLS
2015 OK 57
Case Number: SCBD-6293
Decided: 07/29/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 57, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT RELEASED FOR PUBLICATION. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ROBERT JOHN NICHOLS, Respondent.
ORDER OF IMMEDIATE INTERIM SUSPENSION
¶1 On June 16, 2015, the complainant, Oklahoma Bar Association (OBA), filed a verified complaint against the respondent, Robert John Nichols, pursuant to Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, and an application for emergency immediate interim suspension pursuant to Rule 6.2A of the RGDP. The OBA alleged instances of Respondent settling matters without client knowledge or approval and converting client funds to his personal use, and noted that Respondent continues to appear in district court on several condemnation cases where large Commissioner's awards and/or damage settlements are anticipated. The OBA also requested an Order prohibiting Respondent from withdrawing funds from his client trust account(s) until an audit may be performed. 
¶2 On June 17, 2015, this Court ordered Respondent to show cause no later than June 29, 2015, why an order of immediate interim suspension should not be entered. Respondent filed a Response to the Order to Show Cause on June 29, 2015, requesting that the motion for interim suspension be denied. Respondent asserted that in his pending cases, a pre trial conference, a hearing setting appeal bond, and an answer brief in an appeal would be delayed, and that his practice is entirely condemnation litigation making substitute counsel more difficult to locate. 
¶3 On July 2, 2015, this Court assigned the matter to the Professional Responsibility Tribunal for a hearing and recommendation as to whether an Order of Immediate interim Suspension should be entered. A hearing was held on July 15, 2015. The Trial Panel filed its Report and Recommendation on July 23, 2015, recommending that the Complainant's application for an immediate interim suspension pursuant to Rule 6.2A be granted. The Tribunal noted that Respondent is no longer objecting to the application, that he filed no Answer to the Complaint, and that he had failed to show cause why he should not be immediately suspended. The Tribunal concluded that Complainant had presented sufficient evidence to demonstrate that Respondent had committed conduct in violation of the Oklahoma Rules of Professional Conduct and that his conduct posed an immediate threat of substantial and irreparable public harm.
¶4 On July 23, 2015, Respondent withdrew his objection to the requested interim suspension. 
¶5 Upon consideration of the OBA's Rule 6.2 verified complaint and application for an order of immediate interim suspension, the evidence presented, and the Trial Panel's Report and Recommendation, the Court finds that Respondent's conduct poses an immediate threat of substantial and irreparable public harm. 
¶6 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Robert John Nichols is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP. 
¶7 It is further ordered that Respondent is prohibited from withdrawing funds from his client trust account(s) until an audit may be performed.
DONE BY ORDER OF THE SUPREME COURT this 29th day of July, 2015.
 
/S/VICE CHIEF JUSTICE 
Combs, V.C.J., Kauger, Watt, Edmondson, Taylor, Colbert and Gurich, JJ., concur
Winchester, J., not voting
Reif, C.J., disqualified 

ORDER FOR RECEIVERSHIP AND NOTICE
¶1 In its Trial Panel Report and Recommendation filed on July 23, 2015, the panel recommended the appointment of a third-party receiver to marshal the assets of the law practice of Respondent, Robert John Nichols. The panel also recommended that Respondent be required to notify opposing counsel of these proceedings. 
¶2 In order to protect the interests of Respondent's clients and to implement the Order of immediate interim suspension, this Court directs the Complainant to seek, in Tulsa County, the appointment of a Receiver over Respondent's law practice, assets, and accounts as soon as practicable.
¶3 This Court orders Respondent to notify opposing counsel, on all of Respondent's pending legal business, of these proceedings and of his immediate interim suspension within twenty (20) days from the date of this Order by certified mail. The notice shall include a copy of the Order of Interim Suspension and this Order for Notice and Receivership. The notice shall further advise opposing counsel that the Oklahoma Bar Association will be seeking a receivership in Tulsa County and that any funds payable to Respondents and his clients should be held and paid to the Receiver upon appointment. The notice shall also advise opposing counsel to notify the Complainant of any settlement or commissioner's award proceeds in any of Respondent's cases from the date of this Order. 
¶4 The Court further orders Respondent to notify all of his clients having legal business then pending within twenty (20) days from the date of this Order, by certified mail, of Respondent's immediate interim suspension and the Respondent's inability to represent them and the necessity for promptly retaining new counsel. The notice shall include a copy of the Order of Interim Suspension and this Order for Notice and Receivership. Respondent shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Respondent must file, within twenty (20) days from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the Respondent has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. If Respondent receives any funds pertaining to pending legal business after the date of this Order, the funds shall be held in the Respondent's trust account to be turned over to the Receiver upon appointment. 
¶5 DONE BY ORDER OF THE SUPREME COURT THIS JULY 29, 2015.
 
/S/VICE CHIEF JUSTICE





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.